Reese, J.
delivered the opinion of the court.
A deed upon which the title of the lessor of the plaintiff depended was procured,'and registered a few years since in a county in which the land did not then lie. A copy from the registry books was taken to the proper county, and registered, and offered upon the trial and excluded by the court and the only question in the case is, whether in that respect the court erred. For the plaintiff in error it is insisted, that the 3d sec. of the act of 1819, ch. 47, authorizes such registration. That section provides, “that when any grant or deed of conveyance shall have been registered in any county in this State, with the proper probates, it shall and may be lawful for any one interested therein, to have registered in the proper county a copy,” &c. It is insisted that this is a general prospective statute.
This act was passed in 1819, when the Western District, covered by old grants and deeds, was about being settled, the Indian title having been extinguished the year before. The preamble to the section in question, states, that “whereas many persons claiming lands in the Western District, and other persons have had their grants and mesne conveyances registered in Green county and other counties in this State, other than that in which the lands lie or did lie at the time of such registration, therefore; Be it enacted “that when (that is in any case where) “any grant or deed,” &c. It is plain on the face of the statute, that its object was temporary and limited to existing registrations. The circuit court therefore, did not err, and its judgment will be affirmed.